UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
  6340 NB LLC,

                                    Plaintiff,                      **DECISION
                                                                    AND ORDER**
                -against-                                            20-CV-02500 (JMA)(JMW)

  CAPITAL ONE, N.A.,

                                    Defendant.

-------------------------------------------------------------X

**A P P E A R A N C E S:**

Ronald J. Rosenberg
John S. Ciulla
Joshua Marc Liebman
Kenneth E. Aneser
Peter Williams
William J. Birney
**Rosenberg Calica & Birney LLP**
100 Garden City Plaza, Suite 408
Garden City, NY 11530
*For Plaintiff 6340 NB LLC*

Adam Kirschbaum
James Wilson Perkins
Michelle D Gambino
Michael Hass
Michael Patrick Manning
Shirin Afsous
**Greenberg Traurig, P.A**
One Vanderbilt Avenue
New York, NY 10017
*For Defendant Capital One, N.A.*

**WICKS,** Magistrate Judge:

        This is an action by Plaintiff 6340 NB LLC ("6340 NB") to recover damages based on

Defendant Capital One, N.A.'s ("Capital One") alleged breach of contract and anticipatory

repudiation of a Ground Lease and its subsequent amendments pursuant to which Capital One

1

agreed to design, develop, and construct a commercial bank.  (*See* DE 42.)  Capital One has

counterclaimed against 6340 NB alleging fraud and breach of contract in connection with 6340

NB's alleged failure to perform under the Ground Lease.  (*See* DE 89.)  Before the Court at this

time are three discovery motions: (1) 6340 NB's motion to compel Capital one to produce

documents and information in response to 6340 NB's First Request for Production of Documents

and First Set of Interrogatories ("6340 NB's First Motion to Compel") (DE 70, 75); (2) 6340

NB's motion to compel Capital One to produce documents in response to requests 1, 15, 17, 23,

26, 27 and 28 of 6340's First Request for Production of Documents ("6340 NB's Second Motion

to Compel") (DE 90-91); and (2) Capital One's motion to compel 6340 to respond to Capital

One's First Set of Requests for Production of Documents ("Capital One's First Motion to

Compel").  (DE 71, 76.)

## BACKGROUND

In order to appreciate the context of this motion, a brief review of the factual background

is in order.

### *6340 NB's Claims Against Capital One*

6340 NB alleges that on November 3, 2017, 6340 NB and Capital One executed a

Ground Lease in which Capital One agreed to lease approximately .78 acres of real property for

the operation of a retail bank branch.  (DE 42 at ¶ 14.)  Pursuant to the terms of the Ground

Lease, 6340 NB alleges that Capital One agreed to, among other things, design, develop, and

construct a one-story commercial building with automated teller machines, night depository,

drive-through lanes, and a parking lot to operate a retail bank branch at the leased premises.  (*Id.*

at ¶ 2.)  The Ground Lease required 6340 NB to obtain various approvals necessary for Capital

One to develop and construct the leased premises and in order to do so Capital One was required

to actively cooperate with 6340 NB during the zoning approval process by, among other things,

providing site and design plans and by actively participating in municipal zoning hearings. (*Id.* at ¶ 3.)  6340 NB contends that at all times it has complied with its obligations under the Ground Lease including its obligation to file an application to obtain the zoning approvals necessary for Capital One to develop and construct a retail bank branch at the leased premises. (*Id.* at ¶ 4.) 6340 NB alleges that Capital One unreasonably delayed and refused to provide site and design plans as required by the Ground Lease and refused to cooperate with 6340 NB with respect to the zoning approval process. (*Id.*)

6340 NB alleges that on January 31, 2020, Capital One wrongfully terminated the Lease, in writing, ostensibly based on 6340 NB's purported failure to satisfy its "acquisition and rezoning obligations" by April 30, 2018, in complete disregard of the Second Amendment to the Ground Lease which, among other things, extended the time for 6340 NB to satisfy these obligations to August 31, 2020. (*Id.* at ¶ 5.)  However, 6340 NB asserts that the Second Amendment clearly and expressly extended the time for 6340 NB to satisfy its "acquisition and rezoning obligations" to August 31, 2020, and therefore 6340 NB was not in breach of the Ground Lease. (*Id.* at ¶ 6.)  Thus, Capital One had no basis to terminate and thus the termination notice constituted an anticipatory repudiation of the Lease. (*Id.* at ¶ 6.)

After Capital One terminated the Lease, 6340 NB requested, on several occasions, that Capital One withdraw its termination notice and cooperate with 6340 NB in compliance with Capital One's obligations under the Lease. (*Id.* at ¶ 7.)  6340 NB alleges that Capital One did not withdraw its termination of the Ground Lease and thus 6340 NB treated Capital One's termination as an anticipatory repudiation and commenced this action to, among other things, recover money damages. (*Id.* at ¶ 8.)

***Capital One's Counterclaims against 6340 NB***

Capital One asserts that 6340 NB failed to perform under the Ground Lease and its subsequent amendments for various reasons including leasing to tenants in the buildings under contract to Capital One despite 6340 NB's express representations to the contrary.  (DE 89 at ¶¶ 12-26.)  Capital One alleges that those tenants were one of the major factors in why the plan to build the new branch, including rezoning of the two residential lots, failed.  (*See id.* at ¶¶ 30-39; 66-69).  Capital One has also asserted a claim for declaratory judgment asking the Court to declare that its termination notice was proper given the terms of the Ground Lease and the Town's refusal to approve the plan.  (*Id.* at ¶¶ 73-88; 128-134.)  Capital One alleges that 6340 NB violated its duty to act in good faith by attempting to sell its the property that was under contract with Capital One.  (*Id.* at ¶¶ 40-48.)  Likewise, when 6340 NB was seeking an extension of time to perform under the Ground Lease it did not disclose to Capital One that it had renewed its contract with CBRE to sell the property.  (*See id.*). Capital One alleges 6340 NB purposefully hid these facts because it knew if it revealed them Capital One would not have entered into the Second Amendment, and the Agreement would be over.  (*See id.*)  Capital One alleges that 6340 NB's willful concealment led Capital One to believe that 6340 NB was carrying out its obligations under the Ground Lease in good faith which induced Capital One to agree to extensions of time to perform.  (*Id.* at ¶¶ 72-73.)

## DISCUSSION

Pursuant to Fed. R. Civ. P. 26:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

4

Fed. R. Civ. P. 26(b)(1).

Information "is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" *Vaigasi v. Solow Mgmt. Corp.*, No. 11 Civ. 5088, 2016 WL 616386, at \*11 (S.D.N.Y. Feb. 16, 2016) (quoting Fed. R. Evid. 401). Moreover, "[t]he party seeking the discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *Evans v. Calise*, No. 92 Civ. 8430, 1994 WL 185696, at \*1 (S.D.N.Y. May 12, 1994); *see also Mandell v. The Maxon Co., Inc.*, No. 06 Civ. 460, 2007 WL 3022552, at \*1 (S.D.N.Y. Oct. 16, 2007) ("[T]he party seeking discovery bears the burden of initially showing relevance."). To that end, the discovery sought by the parties must be, as stated by Rule 26, proportional to the needs of the case, taking into consideration such aspects as the importance of the issues, the amount in controversy, the parties' resources and access to the information sought, and the importance of the information sought to the asserted claims or defenses. *Sibley v. Choice Hotels Int'l*, CV 14-634 (JS)(AYS), 2015 WL 9413101, at \*2–3 (E.D.N.Y. Dec. 22, 2015). It is well-established that, ultimately, "[m]otions to compel are left to the court's sound discretion." *Mirra v. Jordan*, No. 13-CV-5519, 2016 WL 889683, at \*2 (S.D.N.Y. Feb. 23, 2016); *see also Liberty Mut. Ins. Co. v. Kohler Co.*, No. 08-CV-867, 2010 WL 1930270, at \*2 (E.D.N.Y. May 11, 2010) ("[A] motion to compel is entrusted to the sound discretion of the district court."). Since December of 2015, "Rule 26 has defined the scope of discovery to consist of information that is relevant to the parties' 'claims and defenses.'" *Pothen v. Stony Brook Univ.*, CV 13-6170 (JFB)(AYS), 2017 WL 1025856, at \*2 (E.D.N.Y. Mar. 15, 2017). "Thus, the discretionary authority to allow discovery of 'any matter relevant to the subject matter involved in the action' has been eliminated," and permissible discovery under Rule 26 must be relevant "to any party's claim or defense," and that

means "proportional to the needs of the case." *Id.* at *3 (citing Fed. R. Civ. P. 26(b)(1)). Proportionality goes "hand-in-hand" with relevance. *New Falls Corp. v. Soni*, CV 16-6805 (ADS) (AKT), 2020 WL 2836787, at *2 (E.D.N.Y. May 29, 2020).   That is, the more relevant the information sought is, the less likely a Court would find the subject discovery disproportionate. *Id.*

### A.  6340 NB's Motions to Compel

#### i.     6340 NB's First Motion to Compel

On July 11, 2022, 6340 NB moved to compel Capital One to produce documents and information in response to document requests 35, 37, 39 and interrogatories 16-17 in connection with 6340 NB's First Request for Production of Documents and First Set of Interrogatories.  (DE 70, 75).  In failing to respond to these requests, 6340 NB contends that Capital One refuses to provide information concerning its closure of other retail branches.  (*Id.*)

6340 NB argues that information concerning Capital One's closure of other retail branches is "highly relevant" and proportional to its claim that Capital One breached the express covenant of good faith in Article 1 of the Ground Lease insofar as the information will show whether Capital One acted in good faith when it terminated the Ground Lease purportedly based on 6340 NB's failure to perform and whether the reasons stated in Capital One's termination letter were merely pretext for Capital One's actual reason for terminating the Ground Lease—that the termination was in furtherance of its widely publicized business "strategy of aggressively closing branches and gathering the bulk of new deposits online" resulting in the shuttering of "more than half its branches" during the decade prior to 2019.  (DE 70) (*citing* American Banker, *Capital One keeps closing branches even as rivals open them*,

https://www.americanbanker.com/news/capital-one-keeps-closing-branches-even-as-rivals-open-
them (July 1, 2019)).

In opposition, Capital One argues the documents and information sought by 6340 NB are
neither relevant nor proportional because the current dispute involves a single bank branch (that
was never built and therefore never "closed") on Long Island and 6340 NB's requests will result
in compelling Capital One "to produce millions of documents relating to *any* bank closure
(temporary or otherwise) that occurred in the last six years in the *undefined 'northeast region*.'"
(DE 83 at 1-2) (emphasis in original.)[1]  Further, Capital One asserts that not only did it have the
authority to terminate the Ground Lease when the zoning approvals were denied but ultimately
its motive for terminating the Ground lease is irrelevant.  (*Id.* at 2.)  The "good faith" language in
the Ground Lease is specific to discretionary acts in the agreement and not a stand-alone
covenant.  (*Id.*)  Capital One argues that 6340's requests are facially overly broad and unduly
burdensome under Rule 34 because they ask for "any" or "all" "communications and
documents" "concerning" any branch closing.  (*Id.* at 2-3.)  Lastly, Capital One argues that the
documents sought by document requests 35, 37, 39 are subject to the attorney client privilege
and bank examiner privilege under New York and federal law.  (*Id.* at 3.)  Nonetheless, Capital
One asserts it has searched for any correspondence with the Office of the Comptroller of the
Currency ("OCC") over this branch site and none exist, and all bank closures are publicly listed
on the OCC website.  (*Id.* at 3.)  According to Capital One, the OCC was apprised of 6340's
requests and asserted privilege over a small portion of documents requested so Capital One
claims they are unable to produce the materials requested.  (*Id.*)

---

[1] Capital One estimates that to respond to 6340 NB's requests it will need to gather and review
approximately 3.9 million emails; a task which will take months to complete.  (*Id.* at 3.)

It is 6340 NB's position that the federal law bank examiner privilege may not be invoked in this diversity action involving state law claims and that the privilege only applies to the opinions and recommendations of government officials, not factual materials.  (DE 70 at 3.)

The Court finds that document requests 35, 37, 39 and interrogatories 16-17 are overbroad and unduly burdensome in that they make no effort to limit the requests to relevant acts alleged in this action.  *See Kennedy v. Cont. Pharmacal Corp.*, No. CV 12-2664 JFB ETB, 2013 WL 1966219, at *2 (E.D.N.Y. May 13, 2013) ("There is no specificity to the requests and no effort to limit these requests to any relevant acts alleged in this action. Lacking relevance and specificity, the requests are vague, overly broad, and unduly burdensome").  The information sought is far out of proportion with the claims or defenses asserted here.  The crux of each demand is to obtain information concerning the *any* closure (for any reason) or termination of lease agreement of *any* retail bank in New York and/or the "Northeast region" [2] over the last six years.  This would require Capital One to broadly search nearly 4 million documents for any bank closure, for any reason, across 9 states and would undoubtedly result in severely overinclusive results.  (*See* DE 83 at 2.)  6340 NB has not demonstrated how this broad search is likely to lead to the discovery of admissible evidence.[3]  Therefore, 6340 NB's First Motion to Compel (DE 70, 75) is denied.

---

[2] The fact that 6340 NB fails to define "Northeast region" or specify the state it seeks information from lends itself to a finding of vagueness.  However, typically the "Northeast region," as defined by the U.S. Census Bureau, covers 9 states: Maine, New Hampshire, Vermont, Massachusetts, Rhode Island, Connecticut, New York, New Jersey, and Pennsylvania.  *See* UNITED STATES CENSUS BUREAU, *Northeast Region Includes Six States in New England and Three in Middle Atlantic* (Aug. 25, 2021) https://www.census.gov/library/stories/state-by-state/northeast-region.html.  It appears that Capital One is familiar with this definition because it mentions that 6340 NB seeks information from across "nine states."  (*See* DE 83.)

[3]

As it relates to privilege, Capital One objects on more than one occasion on the basis of "regulatory privileges," which the parties agree to mean the bank examiner privilege.  (*See* DE 75-1.)  "[T]he bank examination privilege is a qualified privilege that protects communications between banks and their examiners in order to preserve absolute candor essential to the effective supervision of banks."  *Wultz v. Bank of China Ltd.*, 61 F. Supp. 3d 272, 281 (S.D.N.Y. 2013).  Its purpose is to allow open discussions between bank examiners and the banks they regulate.  *Id.*  However, the bank examination privilege belongs solely to the regulatory authority, not the banks that it regulates, and protects opinions and recommendations but not factual materials.  *MASTR Adjustable Rate Mortgages Tr. 2006-OA2 v. UBS Real Est. Sec. Inc.*, No. 12 CIV. 7322 HB JCF, 2013 WL 5437354, at *1 (S.D.N.Y. Sept. 27, 2013) (finding the bank unable to assert the bank examiner privilege).  Therefore, objection on this ground is unavailable to Capital One.  To the extent Capital One contends that it has conducted a search of its records for "correspondence with the OCC *over this Site* and none exist" Capital One is directed to amend its responses to 6340 NB's demands to state the same.  Additionally, to the extent Capital One has withheld documents to these requests based on the attorney-client and/or work product privileges, if it has not already done so, Capital One is directed to produce to 6340 NB a corresponding privilege log in compliance with Local Civil Rule 26.2(a)(2)(A).

### ii.    6340 NB's Second Motion to Compel

On August 22, 2022, 6340 NB moved to compel Capital One to produce documents and information in response to document requests 1, 15, 17, 23, 26, 27 and 28 of 6340's First Request for Production of Documents and in doing so requests the Court conduct an *in camera* review of the documents (or a sampling of documents) Capital One has identified as privileged in its Amended Privilege Log ("Second Motion to Compel").  (DE 90-91.)  6340 NB contends

that Capital One has disingenuously claimed to have produced all responsive, non-privileged

documents and produced an Amended Privilege Log with potentially inaccurate and unreliable

entries. (*Id.*)

In opposition, Capital One argues that 6340 NB's motion should be denied because: (1)

Capital One has already produced 45,000 pages of responsive non-privileged documents and any

contention that more documents must exist is merely speculative; (2) Plaintiff has no legal basis

to ask the Court to destroy the attorney-client and work product privilege simply because it

wants to get answers to questions it has about the dispute; and (3) the non-privileged information

6340 NB seeks can be obtained through depositions and interrogatories.  (*See* DE 97.)

The Court agrees that 6340 NB's motion is premature and is therefore denied without

prejudice to be renewed following depositions.  Much of what 6340 NB complains of is that it

believes that although Capital One has produced all the responsive documents in its possession,

6340 NB contends, without basis, that there are actually more documents.  (DE 91-2; *see e.g.,*"It

defies reason to believe that Cap One does not have any non-privileged internal bank

communications concerning its reasons for terminating the Ground Lease"; "Aside from a few

documents, Cap One has refused to produce any additional documents. . . indisputably relevant

to the Ground Lease and the termination.")  Further, upon review of the document requests

submitted with 6340 NB's motion, Court agrees with Capital One the document requests at issue

do not necessarily call for some of the information 6340 NB seeks to compel here.  (*See* DE 97 at

1-2.)  6340 NB does not identify anything in the record or any facts which suggest

communications have been wrongly labeled as privileged, and thus the Court finds no reason to

conduct an *in-camera* review.[4]

---

[4] To the extent 6340 NB points to two emails which were initially produced by Capital One without redaction and then subsequently produced as redacted (*see* DE 91-2 at 3.) Capital One explains that these two discrete emails were

Capital One contends it should be awarded its fees in opposing 6340 NB's Second

Motion to Compel because the motion was avoidable.  (*See* DE 97 at 3.)  Pursuant to Fed. R.

Civ. P. 37(a)(5)(B), if a motion to compel is denied, the court:

> must, after giving an opportunity to be heard, require the movant, the attorney filing
> the motion, or both to pay the party . . . who opposed the motion its reasonable
> expenses incurred in opposing the motion, including attorney's fees. But the court
> must not order this payment if the motion was substantially justified or other
> circumstances make an award of expenses unjust.

Where a party is only partially successful, a court may determine that neither party is entitled to

costs. *Tri-Star Pictures, Inc. v. Unger*, 171 F.R.D. 94, 103 (S.D.N.Y. 1997) ("In the case at bar,

this Court finds that neither party is entitled to costs incurred as a result of this motion.")

Here, while 6340 NB's Second Motion to Compel (DE 90) is denied, it is done so

without prejudice, granting 6340 NB the option to renew its motion following depositions. Thus,

Capital One was only partially successful and under these circumstances an awarded of fees in

opposing the motion would be unjust.  Therefore, the Court denies Capital One's request for an

award of fees.

## B.  Capital One's Motions to Compel

### i.    Capital One's First Motion to Compel

On July 6, 2022, Capital One moved to compel 6340 NB to fully respond to document

requests 1, 5, 6, 9, 10, 11, 13, 19, 20, 34, 39, 43, 48, 49, 51, 52, 53, 54, 56, 57, 59, 64, 65, 67, 71,

72, 75, and 84, of Capital One's First Set of Requests for Production of Documents.  (DE 71;

76.)  In general, these requests concern (1) all text messages between 6340 and third parties; (2)

e-mails and other communications between 6340's principals following the Town's rejection of

---

inadvertently produced without redactions and later clawed by Capital One back pursuant to the parties Protective
Order.  (DE 97 at 3.)  This one instance is insufficient to raise an issue with Capital One's entire privilege log so as
to warrant an *in-camera* review.

the rezoning application;  (3) e-mails with the brokers who listed for sale 6340's parcel during

the term of the Capital One/6340 contract; (4) e-mails and other non-privileged communications

between 6340's principals regarding Capital One's January 31, 2020, letter or leading up to the

e-mails that 6340 sent to Capital One's counsel about it in February; (5) text messages and other

documents and communications the broker working with 6340 and Capital One exchanged with

6340's principals (whose existence were confirmed to Capital One by the broker but not

produced by 6340); (6) 6340 internal communications about whether it would proceed with the

project after Capital One's June 2020 withdrawal of its January 31 letter;  (7) e-mails and other

documents as to 6340's plans for the properties at issue; (8) e-mails between 6340's principals or

involving 6340 and third parties after January 3, 2020, all of which are relevant to mitigation of

damages, Capital One's recission, and any alleged change in 6340's position in the few months

between the termination and rescission; (9) documents relating to 6340's claim for damages or

efforts to mitigate them; and  (10) all documents regarding 6340's attempt to sell the property in

2018 via CBRE. (*See* DE 71-2.)

Capital One asserts that following 6340 NB's initial production, it served 6340 NB with a

deficiency letter and following a meet and confer between the parties counsel for 6340 NB made

representations that he would go back to his client for further documents and made subsequent

promises to cure any deficiencies.  (DE 71 at 2.)  Despite much delay, Capital One has not yet

received supplemental responses from 6340 NB. (*Id.*)

6340 NB does not necessarily disagree.  In its opposition, 6340 NB indicates that the

parties were working together to resolve any of 6340 NB's alleged deficiencies.  (DE 77 at 2.)

According to 6340, it was in the process of working on a response and anticipated participating

in a further meet and confer with Capital One when its attorneys came down with COVID-19,

delaying all progress.  (*Id.* at 3.)  6340 NB states that it intends to complete 6340 NB's document production and provide a privilege log and redacted materials "over the next few weeks."  (*Id.*)

In light of the foregoing, Capital One's First Motion to compel (DE 71, 76) is denied without prejudice.  6340 NB is hereby directed to complete and produce all responsive, non-privileged documents, and provide Capital One with a corresponding privilege log in compliance with Local Civil Rule 26.2(a)(2)(A), on or before September 23, 2022.

## CONCLUSION

For the foregoing reasons, the motions are decided as follows:

1. 6340 NB's First Motion to Compel (DE 70, 75) is hereby DENIED;
2. 6340 NB's Second Motion to Compel (DE 90) is hereby DENIED without prejudice; and
3. Capital One's First Motion to Compel (DE 71, 76) is hereby DENIED without prejudice.

Dated: Central Islip, New York
September 9, 2022

**S O  O R D E R E D :**

/S/ *James M. Wicks*
James M. Wicks
United States Magistrate Judge

13