UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

6340 NB LLC,

                              Plaintiff,                    **DECISION**
                                                           **AND ORDER**

          -against-                                         20-CV-02500 (JMA)(JMW)

CAPITAL ONE, N.A.,

                              Defendant.

------------------------------------------------------------X

**A P P E A R A N C E S :**

Ronald J. Rosenberg
John S. Ciulla
Joshua Marc Liebman
Kenneth E. Aneser
Peter Williams
William J. Birney
**Rosenberg Calica & Birney LLP**
100 Garden City Plaza, Suite 408
Garden City, NY 11530
*For Plaintiff 6340 NB LLC*

Adam Kirschbaum
James Wilson Perkins
Michelle D Gambino
Michael Hass
Michael Patrick Manning
Shirin Afsous
**Greenberg Traurig, P.A**
One Vanderbilt Avenue
New York, NY 10017
*For Defendant Capital One, N.A.*

**WICKS,** Magistrate Judge:

          This is an action by Plaintiff 6340 NB LLC ("6340 NB") to recover damages based on

Defendant Capital One, N.A.'s ("Capital One") alleged breach of contract and anticipatory

repudiation of a Ground Lease and its subsequent amendments pursuant to which Capital One

agreed to design, develop, and construct a commercial bank.  (*See* DE 42.)  Capital One has counterclaimed against 6340 NB alleging fraud and breach of contract in connection with 6340 NB's alleged failure to perform under the Ground Lease.  (*See* DE 89.)  Capital One now moves for leave to serve non-party Matthew Steinfeld with a deposition subpoena via alternative means, namely by leaving a copy with the doorman of his residence followed by sending a copy by overnight mail.  (DE 106.)  For the reasons that follow, Capital One's motion is GRANTED.

## I.       RELEVANT BACKGROUND

The Court assumes the parties' familiarity with the underlying facts and allegations of this case.  (*See* DE 101 at 2-4.)

As relevant here, Capital One alleges that 6340 NB failed to satisfy certain condition precedents of the Ground Lease, including the purchasing and rezoning of three parcels 6340 NB did not yet own.  (DE 89 at ¶¶ 12-17.)  Capital One alleges that 6340 NB did not perform its obligations by certain deadlines and based on misrepresentations of 6340 NB, Capital One agreed to extensions of those deadlines.  (*Id.* at ¶¶ 33-34.)  According to Capital One, 6340 NB ultimately represented to Capital One that it entered into contracts to purchase the three parcels and provided copies of the purportedly valid and binding purchase contracts to Capital One.  (*Id.* at ¶ 49.)  However, Capital One alleges that one of the purchase contracts was not, in fact, valid and binding but listed an entirely fictitious and non-existent entity "244 Lansdowne LLC" as the purchaser.  (*Id.* at ¶¶ 50-51.)

According to Capital One, Mr. Steinfeld is an acquaintance of 6340 NB Member, David Ross.  (DE 106.)  Mr. Ross allegedly enlisted Mr. Steinfeld as a "stalking horse" to attempt to purchase the parcels 6340 NB was obligated to acquire under the Ground Lease, including the parcel which was supposedly contracted for purchase by "24 Landsdowne LLC."  (*Id.*)  Capital

One argues that if deposed, Mr. Steinfeld's testimony will bear directly on 6340 NB's alleged failure to perform pre-conditions of the Ground Lease as well as 6340 NB's credibility.  (*Id.*)

Capital One has attempted to serve Mr. Steinfeld with a deposition subpoena at his apartment building and office in Manhattan without success.  (*Id.*)  Mr. Steinfeld has refused to accept the subpoena personally and refused to permit personnel to receive the subpoena on his behalf.  (*Id.*)  6340 NB has declined to accept service on Mr. Steinfeld's behalf.

On September 12, 2022, Capital One filed a motion seeking permission to serve Mr. Steinfeld by substitute service.  (*See id.*)  6340 NB has not taken a position concerning the issue.

## II.     DISCUSSION

Federal Rule of Civil Procedure 45 provides that "[s]erving a subpoena required delivering a copy to the named person. . ."  Fed. R. Civ. P. 45(b)(1).  However, the term "delivering" is undefined.  *See id.*; *Ramchandani v. CitiBank Nat'l Ass'n*, No. 1:19-CV-09124 (VM)(SDA), 2022 WL 2960190, at *3 (S.D.N.Y. July 25, 2022).  Rule 45 does not explicitly demand personal service and Courts in this Circuit have permitted alternative means of service after the subpoenaing party has made diligent attempts to effectuate personal service.  *In re Bayerische Motoren Werke AG*, No. 22 MC 115 (VB), 2022 WL 2817215, at *3 (S.D.N.Y. July 19, 2022); *Ramchandani*, 2022 WL 2960190, at *3.  Indeed, "delivery" under Rule 45 is taken to mean a manner of service "reasonably designed to ensure actual receipt" of a subpoena. *Cadlerock Joint Venture, L.P. v. Adon Fruits & Vegetables Inc*., No. 09-CV-2507 (RRM) (RER), 2010 WL 2346283, at *3 (E.D.N.Y. Apr. 21, 2010), *report and recommendation adopted*, No. 09-CV-2507 (RRM)(RER), 2010 WL 2346276 (E.D.N.Y. June 8, 2010).  This may include service by certified mail (*see, e.g., Ramchandani*, 2022 WL 2960190, at *4), delivery to a related neighbor and emails to attorneys (*see, e.g., In re Bayerische Motoren Werke AG*, No. 22 MC 115

(VB), 2022 WL 2817215, at *3 (S.D.N.Y. July 19, 2022), delivery to office security personnel followed by service by mail (*see, e.g., In re Polygon Glob. Partners LLP*, No. 21 MISC. 364 (ER), 2021 WL 2117397, at *6 (S.D.N.Y. May 25, 2021), and affixing a copy to the subpoenaed party's door and further mailing a copy (*see, e.g.*, *Beare v. Millington*, No. 07-CV-3391 (ERK)(MDG), 2010 WL 234771, at *4 (E.D.N.Y. Jan. 13, 2010).

Here, there can be no doubt that Capital One has made several diligent attempts to serve the deposition subpoena on Mr. Steinfeld.  In support of its motion, Capital One submits an affidavit of the process server who attempted to serve Mr. Steinfeld, Di Cong Jian.  The process server attests that they attempted to serve the subpoena on Mr. Steinfeld 5 times:

1.  September 1, 2022, at approximately 5:00 p.m. at Mr. Steinfeld's apartment;

2.  September 2, 2022, at appropriately 6:35 p.m. at Mr. Steinfeld's apartment;

3.  September 6, 2022, at approximately 2:15 p.m. at Mr. Steinfeld's apartment;

4.  September 6, 2022, at approximately 6:38 p.m. at Mr. Steinfeld's apartment; and

5.  September 8, 2022, at Mr. Steinfeld's office.

(*See* DE 106-1.)[1]  Each time the process server attempted to serve Mr. Steinfeld at his residence, he was met by the building's doorman.  (*Id.*)  At each attempt, a call was made by the concierge to Mr. Steinfeld's apartment or cell phone that mostly went unanswered.  (*Id.*)  During one attempt, Mr. Steinfeld was home and the concierge was able to get him on the phone.  (*See id.*)  The process server told the concierge to tell Mr. Steinfeld that he "had legal papers for him" but Mr. Steinfeld stated he was not expecting anything and so the process server was not allowed entry.  (*Id.*)  The process server also made calls to Mr. Steinfeld's office.  (*Id.*)  The process

---

[1] Capital One further notes that this is not the first time Mr. Steinfeld has "evaded" service. (*See* DE 106.) According to Capital One, the service of a previous subpoena *duces tecum* required a "stake out" until Mr. Steinfeld was served. (*Id.*)

server was either denied entry or hung up on.  (*Id.*)  Lastly, the process server even called Mr.

Steinfeld on September 9, 2022, at 1:05 p.m., on a number believed to be his cell phone, to

which Mr. Steinfeld stated, "he did not know anything about the matter and that he was on

vacation."  (*Id.*)  Accordingly, the Court finds that Capital One has made diligent attempts to

effectuate personal service on Mr. Steinfeld and service by traditional methods has proved

impracticable. Thus, service by alternative means is warranted.

Capital One requests the Court to permit service on Mr. Steinfeld by leaving a copy of

the deposition subpoena with the doorman of his apartment building and sending a copy to Mr.

Steinfeld's apartment address by overnight mail.  As it relates to service of the subpoena on Mr.

Steinfeld by leaving a copy of the deposition subpoena with the doorman, the Court considers

that under Rule 4, service of a summons and complaint has been held proper when served on a

building doorman, particularly where one cannot gain access beyond the doorman to reach the

occupant's door.  *See e.g.  MRS Prop. Invs., Inc. v. Bivona*, No. 21-CV-1104(EK)(AYS), 2021

WL 1738329, at *3 (E.D.N.Y. May 3, 2021) (service on building's doorman constituted

sufficient service); *Three Crown Ltd. P'ship v. Caxton Corp.*, 817 F. Supp. 1033, 1051 (S.D.N.Y.

1993) (service on building doorman described as being approximately 20 years old was proper).

Additionally persuasive is that it is well settled that service upon a doorman constitutes sufficient

service under New York law.  *See e.g. Bank of Am., N.A. v. Grufferman*, 117 A.D.3d 508, 508

(2014) ("Service upon the doorman of defendants' apartment building was proper under CPLR

308(2), given that the process server was denied access to defendants' apartment");  *Al Fayed v.

Barak*, 39 A.D.3d 371, 372 (2007) (service is effective when left with the doorman of a building

which process server is denied access); *Zabari v. Zabari*, 154 A.D.3d 613, 614 (2017) ("Further,

the evidence supports the finding that delivery was properly made by placing the papers in the 'general vicinity' of defendant's doorman after he denied the process server access").

As it relates to service of the subpoena on Mr. Steinfeld by overnight mail, Courts in this Circuit tend to favor service by certified mail return receipt requested, rather than overnight mail, as valid alternate service.  *See, e.g., Ramchandani*, 2022 WL 2960190 at *4 (motion for alternate service granted to permit service of subpoena by certified mail); *Beare v. Millington*, No. 07-CV-3391(ERK)(MDG), 2010 WL 234771, at *4 (E.D.N.Y. Jan. 13, 2010) (service was properly effectuated by affixing a copy to subpoenaed party's door and mailing by certified mail); *Ultradent Prod., Inc. v. Hayman*, No. M8-85 (RPP), 2002 WL 31119425, at *4 (S.D.N.Y. Sept. 24, 2002) (service of subpoena by certified mail return receipt requested was valid); *JPMorgan Chase Bank, N.A. v. IDW Grp.*, LLC, No. 08 Civ 9116(PGG), 2009 WL 1313259, at *2-3 (S.D.N.Y. May 11, 2009) (authorizing service by certified mail after multiple attempts at personal delivery).  In light of the foregoing, the Court finds that service on Mr. Steinfeld by leaving a copy of the deposition subpoena with his apartment building's doorman, as well as mailing a copy of the subpoena to him *both* by overnight courier and by certified mail return receipt requested, constitutes sufficient alternative service.

### III.   CONCLUSION

Capital One's motion to serve non-party Matthew Steinfeld with a deposition subpoena

via alternative means is GRANTED as follows:

1) By leaving a copy of the deposition subpoena and a copy of this Order with the doorman of Mr. Steinfeld's apartment building;

2) By mailing a copy of the deposition subpoena and a copy of this Order to Mr. Steinfeld's home address by overnight courier; AND

3) By mailing a copy of the deposition subpoena and a copy of this Order to Mr. Steinfeld's home address by certified mail return receipt requested.

Capital One shall thereafter file proof of service with the Court.

Dated:  Central Islip, New York
September 22, 2022

S O   O R D E R E D:

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge