**FILED
CLERK**

December 21, 2022

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

  6340 NB LLC,

                  Plaintiff,                         **ORDER**

        -against-

                                                20-CV-02500 (JMA)(JMW)

  CAPITAL ONE, N.A.,

                  Defendant.

-------------------------------------------------------------X

**A P P E A R A N C E S:**

John S. Ciulla
**Rosenberg Calica & Birney LLP**
100 Garden City Plaza, Suite 408
Garden City, NY 11530
*For Plaintiff 6340 NB LLC*

Michael Hass
**Greenberg Traurig, P.A**
One Vanderbilt Avenue
New York, NY 10017
*For Defendant Capital One, N.A.*

**WICKS,** Magistrate Judge:

       Plaintiff 6340 NB LLC ("6340 NB") seeks to recover damages based on Defendant Capital One, N.A.'s ("Capital One") alleged anticipatory repudiation (first cause of action) and breach of (second cause of action) a contract and a Ground Lease as well as its subsequent amendments pursuant to which Capital One agreed to design, develop, and construct a commercial bank. (*See* DE 42.) Capital One asserted various counterclaims, including fraud and breach of contract in connection with 6340 NB's alleged failure to perform under the Ground Lease. (*See* DE 89.)

1

The Court having already ruled on a variety of discovery disputes (*see* DE 101; 109; Electronic Order 11/14/2022; 112; 121), the latter of which is the subject of a pending appeal (DE 123), this latest skirmish outlined in Defendant's December 5, 2022 missive (DE 124) raises the issue of the scope of a 30(b)(6) deposition notice served by Plaintiff upon Defendant. In particular, Defendant claims "topic 18" should be off-limits because the Court "already ruled" on the topic since in the September 9, 2022 ruling. (*See* DE 101.) That is, according to Defendant, the Court ruled on "questions and document requests seeking information about Capital One's interest in opening and/or closing bank branches was neither relevant nor proportional" and therefore questions to a witness about a bank café contemplated elsewhere should be prohibited. (DE 124 at 1.)

To set the stage, topic 18 seeks a Capital One witness to address the following:

> "*Capital One's consideration of opening a Capital One Bank Café located at the Roosevelt Field Mall.*"

(DE 124-1 at 10.)

## DISCUSSION

Pursuant to Fed. R. Civ. P. 26:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Information "is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" *Vaigasi v. Solow Mgmt. Corp.*, No. 11 Civ. 5088, 2016 WL 616386, at *11 (S.D.N.Y.

2

Feb. 16, 2016) (quoting Fed. R. Evid. 401). This standard is applied more liberally during discovery than at trial. *Id.* Since December of 2015, "Rule 26 now defines the scope of discovery to consist of information that is relevant to the parties' 'claims and defenses.'" *Pothen v. Stony Brook Univ.*, CV 13-6170 (JFB)(AYS), 2017 WL 1025856, at *2 (E.D.N.Y. Mar. 15, 2017). "Thus, the discretionary authority to allow discovery of 'any matter relevant to the subject matter involved in the action' has been eliminated," and permissible discovery under Rule 26 must be relevant "to any party's claim or defense," and that means "proportional to the needs of the case." *Id.* at *3 (citing Fed. R. Civ. P. 26(b)(1)). Proportionality goes "hand-in-hand" with relevance. *New Falls Corp. v. Soni*, CV 16-6805 (ADS) (AKT), 2020 WL 2836787, at *2 (E.D.N.Y. May 29, 2020). That is, the more relevant the information sought is, the less likely a Court would find the subject discovery disproportionate. *Id.* (citation omitted).

Rule 26(c) affords protections for abusive discovery, providing that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Fed. R. Civ. P. 26(c)(1); *see Gordon v. Target Corp.*, 318 F.R.D. 242, 246 (E.D.N.Y. 2016) ("[T]he touchstone for determining whether to issue a protective order under Rule 26(c) lies, in the first instance, on a party's ability to establish good cause."). The burden is on the party seeking issuance of the order to show "good cause" through "particular and specific facts" as opposed to "conclusory assertions." *Rofail v. United States*, 227 F.R.D. 53, 54–55 (E.D.N.Y. 2005). "If the movant establishes good cause for protection, the court may balance the countervailing interests to determine whether to exercise discretion and grant the order." *Id.* at 55. "Because of the interest in broad discovery, the party opposing the discovery of relevant information, whether through a

3

privilege or protective order, bears the burden of showing that based on the balance of interests the information should not be disclosed." *Fowler-Washington v. City of New York*, No. 19-CV-6590(KAM)(JO), 2020 WL 5893817, at *3 (E.D.N.Y. Oct. 5, 2020) (internal quotation and citation omitted).

### *So, Did the Court "Already Rule" on the Issue?*

Defendant's motion is premised on the idea that questions concerning Defendant's interest in opening a bank café in the Roosevelt Field Mall are per se irrelevant and disproportional because "[t]his court already ruled on September 9, 2022, that questions and document requests seeking information about Capital One's interest in opening and/or closing bank branches was neither relevant nor proportional to this dispute under Rule 26(b)." (DE 124 at 1) (citing DE 101 at 8.) Defendant's reading of the Court's prior ruling is generous, to say the least.

In the Court's Decision and Order issued September 9, 2022 ("September Order") the Court addressed three separate discovery motions. (*See* DE 101, addressing motions at (1) DE 70, 75; (2) DE 90, 91; and (3) DE 71, 76.) In connection with 6340 NB's first motion to compel (DE 70, 75) the Court ruled that 6340 NB's sweeping discovery requests for information about *any* closure or termination of lease agreement of *any* retail bank in New York and/or the "Northeast region," for arguably *any* reason, over the span of six years were overbroad and unduly burdensome. (DE 101 at 8.) The Court did not, as Defendant urges, rule that information concerning Capital One's interest a specific bank café was irrelevant or disproportional to this dispute. (*See* DE 124 at 1.)

Indeed, the bank café was only discussed in 6340 NB's second motion to compel (DE 90-91) which sought to compel documents that Capital One had otherwise withheld on privilege

4

grounds.  (*See* DE 91-2 at 3.)  Even in addressing this second motion the Court did not rule that information concerning the bank café was irrelevant to this action.  Rather, the Court held that 6340 NB's motion was premature and granted 6340 NB leave to renew its motion following depositions.  (DE 101 at 10.)  Therefore, 6340 NB's reliance on the September Order as grounds for a protective order here is misplaced.

***Capital One Already Produced Unredacted Documents on the Issue***

Defendant argues that simply because it may have contemplated opening a bank café in the Roosevelt Field Mall, that branch is "factually irrelevant" since it has "nothing to do with its separate Agreement" to build a branch in this case.  (DE 124 at 3.)  Standing alone, that argument might be persuasive.  However, there's more.

Based upon review of the submissions filed under seal, it is clear that Defendant produced unredacted documents discussing the Roosevelt Field Mall proposed café.  (DE 128.)  In light of the many discovery disputes, the productions with redactions and extensive privilege logging, with sophisticated counsel, that production of bank café documents cannot be viewed as mere inadvertence.[1]  Having produced these documents, it follows that Defendant itself determined that such documents were indeed responsive and relevant.  In short, Defendant did not seek a protective order as to those documents.  Where a party produces documents in response to a demand – without objection and without redactions – then those documents are fair game for a 30(b)(6) topic.  *See Baxter Inter., Inc. v. Becton, Dickinson & Co.*, 2020 WL 424918

---

[1] Indeed, nowhere has Defendant argued or claimed that the production of those emails and documents referencing the Roosevelt Field Mall proposed café was inadvertence.

5

at *4 (N.D. Ill. 2020) (production of documents suggest relevancy). As such, the motion is denied.[2]

## CONCLUSION

For the foregoing reasons, the motion to strike topic 18 from the 30(b)(6) notice and for a protective order preventing questions on that topic is hereby DENIED.

Dated: Central Islip, New York
December 21, 2022

S O  O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

---

[2] Discovery is, of course, broader than what is admissible or what may be admitted at trial. *See Bottaro v. Hatton Assocs.*, 96 F.R.D. 158, 159 (E.D.N.Y. 1982). Needless to say, this discovery ruling is not intended as nor should it be construed as a ruling on the admissibility or even relevance at trial of the proposed bank café or whether "motive" is an appropriate issue for the jury on the claims and counterclaims now in play.