
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

6340 NB LLC,

                Plaintiff,

      -against-

CAPITAL ONE, N.A.,

                Defendant.

------------------------------------------------------------X

**MEMORANDUM ORDER**
20-CV-02500 (OEM) (JMW)

**A P P E A R A N C E S:**

.
John S. Ciulla, Esq.
**Rosenberg Calica & Birney LLP**
100 Garden City Plaza, Suite 408
Garden City, NY 11530
*For Plaintiff 6340 NB LLC*


Michelle D. Gambino, Esq.
**Greenberg Traurig**
1750 Tysons Blvd., Suite 1000
McLean, VA 22102
*For Defendant Capital One, N.A.*


**WICKS,** Magistrate Judge:

      Before the Court is the latest salvo of discovery motions: *first,* Defendant Capital One's motion to compel responses from Plaintiff 6340 NB LLC ("Plaintiff" or "6340") to Defendant's requests for admission (ECF No. 193). Specifically, Defendant requests an order from the Court compelling Plaintiff to admit the details of a prior settlement offer. *Second*, Defendant seeks to reopen discovery to allow the service of a multitude of subpoenas and to take additional depositions after having received from Plaintiff over 2,000 pages of new information at the close

1

of discovery (ECF No. 194). Plaintiff 6340 NB opposes both motions. (ECF Nos. 192 and 195.) For the reasons set forth below, both motions are denied.

## DISCUSSION

The underlying facts and allegations of this case do not bear repeating, as they are recited throughout the many filings and orders on the docket. *See, e.g.,* ECF Nos. 101, 185 and 197. Needless to say, upon the close of discovery which had been extended to December 19, 2023 (ECF No. 186), these tandem motions followed soon thereafter. Each is considered separately.

### I.     *Motion to Compel Responses to the Requests to Admit*

Both parties have asserted claims for attorneys' fees in this case under a fee-shifting provision in their Agreement. Relevant to the parties' claims for attorneys' fees is section 34.17. That section, which is akin to a "Rule 68 offer," permits a prevailing party to recover its attorneys' fees "*provided, however, that if prior to commencement of a trial in the litigation the Paying Party [i.e., the loser] offers to pay an amount equal to or in excess of such judgment, settlement, or award, the Receiving Party [the winner] shall not be entitled to any such fees, costs, charges, or expenses*." *See* Agreement, § 34.17 (ECF No. 42-1). *Au fond,* section 34.17 effectively creates a "fee bar," allowing for recovery of fees only if the damages awarded at trial exceed the pre-trial offer of settlement.

On January 11, 2021, the parties participated in a mediation through JAMS before Retired Judge Kathleen Roberts, although settlement was not achieved. On January 20, 2021, JAMS formally closed its file. (*See* ECF No. 193-1.) Several days later on January 25, 2021, counsel for both parties' spoke and discussed the potential to resolve the dispute.[1] As a result of

---

[1] The subject and contents of that discussion and subsequent deposition of Mr. Becker are not set forth herein in light of the earlier sealing order (*see* Electronic Order dated January 25, 2024).

that discussion, and later deposition of 6340's managing member, Richard Becker, it is Defendant's contention that if 6340 prevails at trial, these discussions and deposition testimony could bar Plaintiff from recovering any of its fees and expenses under section 34.17. Therefore, it seeks to compel responses to the Requests to Admit served on Plaintiff that address the issue.

Determination of whether (1) the admissions sought would be barred by Fed. R. Evid. 408; (2) the JAMS confidentiality agreement bars use of those discussions; or (3) if Plaintiff interposed improper objections in response to the Requests will have to await resolution another day. And that's because the parties charted their own procedural course. On January 4, 2024, the parties submitted a "Stipulation and [Proposed] Order Bifurcating the Claims and Counterclaims for Legal Fees and Expenses" (ECF No. 188), which was reviewed and "so ordered" by the Court (ECF No. 190). That So-Ordered Stipulation provides that the

> issue of attorneys' fees and expenses, *including discovery on such issue*, shall be bifurcated from the trial of the underlying claims and counterclaims and shall be decided following a judgment on the other claims and counterclaims in this litigation.

(ECF No. 190 at 2 (emphasis added).)

Notwithstanding the clarity of the So-Ordered Stipulation, Defendant seeks to compel responses to the Requests on the grounds that "the pre-trial offers made to resolve the case are highly relevant pre-trial as they bear on what the fee bar will be under Section 34.17 (and thus dictate what the relative risks each party will face as they head to trial)." (ECF No. 191 at 2 n.2). The Court disagrees. The argument that this "issue cannot be taken up after trial as it could moot Section 34.17's application" flies in the face of the very Stipulation it negotiated two months ago. The parties agreed in that Stipulation that all issues concerning legal fees, including discovery, would be litigated "following a judgment on the other claims and counterclaims." (ECF No. 190 at 2.)

3

Accordingly, since the motion to compel responses to the Requests to Admit is premature under the parties' So-Ordered Stipulation the issues raised are properly deferred until after a trial of all "other claims and counterclaims" just as they agreed to do.

## II.  Motion to Reopen Discovery

As for the second motion, Defendant seeks to reopen discovery because 6340 allegedly "dumped" over 2,000 pages of new information onto Capital One's lap at the close of discovery in December 2023.  (ECF No. 194.)  Specifically, Capital One seeks to re-open discovery to (1) serve subpoenas on Schuckman Realty, Sovereign Realty Group; ARM Real Estate, Denenberg Realty Advisors, Julius M. Feinblum Real Estate, Inc.; Applegreen Electric US Inc.; and Blinds to Go; (2) depose the designees of the third parties; and (3) depose Ross about communications with third parties.  (ECF No. 194.)  Defendant states that on the last day of discovery, 6340 produced 714 documents which was comprised of over 2,000 pages of new information.  (*Id*.)  According to Defendant, the documents involve Ross's communications with others to buy or lease one of the properties from 6340.  (*Id*.)  The issue Defendant now seeks to explore is *why* other offers were refused, bearing directly on Plaintiff's mitigation efforts.

In addition, the documents indicate that 6340 was negotiating with others to lease the adjacent parcels, the ones that could not be delivered to Capital One when the bank rescinded its termination notice in June 2020.  Defendant also claims that these documents bear on market value and may affect Capital One's bank's expert opinion, who did not have these documents at the time the opinions were rendered.  Defendant avers its expert based his opinion on the market value of the property and thus did not have a chance to consider the documents in his analysis. (*Id*.)

4

6340 opposes, maintaining that Defendant's requested relief is "extraordinary." (ECF No. 195.) It argues that it was simply supplementing its document productions as it had done routinely throughout the discovery period already and which is mandated under the rules, *see* Fed. R. Civ. 26(e). In addition, Capital One already had ample discovery from brokers – documents and depositions concerning the listing. Thus 6340 states there was more than adequate time for discovery and opportunity available to Capital One to explore these issues. It would be prejudiced having to incur substantial costs to conduct these eight weeks of additional discovery.

"A party seeking to reopen discovery bears the burden of establishing good cause and discovery should not be extended when there was ample opportunity to pursue the evidence during discovery." *Moroughan v. County of Suffolk*, 320 F. Supp. 3d 511, 514 (E.D.N.Y. 2018) (internal quotation marks and citations omitted). "[W]here there has been 'a fully adequate opportunity for discovery' [the trial court] may consider whether additional discovery would produce *dispositive* evidence." *Jacobs v. N.Y. City Dept. of Educ.*, No. 11-CV-5058 (MKB) (RML), 2015 WL 7568642, at *3 (E.D.N.Y. Nov. 24, 2015) (emphasis added) (quoting *Trebor Sportswear Co., Inc. v. The Limited Stores, Inc.*, 865 F.2d 506, 511-12 (2d Cir. 1989)). Courts apply a six-part test when faced with an eleventh-hour request to re-open discovery: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *Moroughan*, 320 F. Supp. 3d at 515.

Although there is no set trial date pending in this case, *see Moroughan v. Cty. of Suffolk,* 320 F. Supp. 3d 511, 515 (E.D.N.Y. 2018) (finding this factor weighed in favor of movant because no trial date was set); *cf. Spencer v. Int'l Shoppes, Inc.,* No. 06-CV-2637 (AKT), 2011 U.S. Dist. LEXIS 91281, at *4 (E.D.N.Y. Aug. 16, 2011) (finding this factor to against re-opening discovery since discovery was already scheduled), the application to reopen discovery at this late stage is hotly contested which weighs against re-opening discovery. *See Benavidez v. Burger Bros. Rest. Grp., Inc.*, No. 17-CV-200 (DRH) (AKT), 2019 U.S. Dist. LEXIS 56579, at *19 (E.D.N.Y. Mar. 29, 2019) (finding that because the motion is "vigorously opposed," the second factor weighed against re-opening discovery).

Re-opening discovery will surely prolong this already protracted case since Defendant stated its intentions to take additional (possibly seven) depositions and even re-take Ross's deposition. Moreover, this motion comes after the Court has already extended the discovery deadlines several times. (*See e.g.* Electronic Order dated Dec. 7, 2021; ECF No. 65; ECF No. 167; ECF No. 186.) Further, Plaintiff will be prejudiced if it is forced to incur substantial additional costs and expenses, and it is unclear whether any of this additional discovery will bear more fruit relating to the claims, counterclaims, or defenses in this case. *Lopez v. Ramos*, No. 11-cv-07790 (NSR), 2013 U.S. Dist. LEXIS 181388, at *13 (S.D.N.Y. Dec. 30, 2013) (denying plaintiff's motion to reopen discovery because although trial was imminent and defendant would have to incur expenses to conduct additional depositions which could have been avoided and it was unclear what that witness would add to the record). Capital One has not established that additional information beyond the documents is necessary to establish its claim that 6340 failed to mitigate damages. *See Mindling v. Stiegler*, No. 22-cv-2711, 2023 U.S. Dist. LEXIS 31750, at

6

\*6 (2d Cir. 2023) (affirming the district court's ruling denying motion to re-open discovery in part because the movant had not indicated that the documents contained new information).

Courts typically address the diligence and foreseeability factors together. *See Gem Fin. Serv. v. City of New York*, No. 13-CV-1686 (MKB) (RER), 2019 U.S. Dist. LEXIS 22785, at *8 (E.D.N.Y. Apr. 18, 2019). Diligence is considered the "primary consideration" in determining whether good cause exists in this context. *Automated Mgmt. Sys., Inc. v. Rappaport Hertz Cherson & Rosenthal, P.C.,* No. 16-cv-4762 (LTS) (JW), 2023 U.S. Dist. LEXIS 152249, at *16 (E.D.N.Y. Aug. 9, 2023).

Here, discovery was finally closed on December 19, 2023 after many, many extensions. The docket clearly reflects these extensions afforded to complete discovery. Plaintiff allegedly "dumped" these documents onto Defendant's lap at the close of discovery, providing it with realistically no time to discern whether it needed further documents or depositions. *See Dawson v. Sec. Servs. of Conn., Inc.,* No. 20-cv-1310 (SVN), 2022 U.S. Dist. LEXIS 12026, at *13 (D. Conn. Jan. 24, 2022) (finding the need for additional depositions unclear since the expert was disclosed after the expert disclosure deadline). However, these documents supplemented prior discovery. Some of these newly produced documents, although bearing on mitigation, do not give sufficient basis to a repastination of discovery.

District courts have wide discretion in considering applications to re-open discovery. *Torres v. Dematteo Salvage Co.,* No. 14-CV-774 (ADS) (AKT), 2016 U.S. Dist. LEXIS 26439, at *10 (E.D.N.Y Mar. 2, 2016) ("The decision whether to reopen discovery is within a district court's discretion."); *Tsabbar v. Eason,* 305 Fed. Appx. 680, 682 (2d Cir. 2008) ("[A] district court, whether or not presided over by a district judge or a magistrate judge, is given wide discretion in its handling of pre-trial discovery") (internal citations omitted). Balancing all of the

7

factors here -- the nature and scope of the discovery sought, the prejudice that would be imposed upon Plaintiff, and the breadth of discovery to be uncovered as a result of reopening -- the Court denies the motion to re-open discovery in this case. *See Saray Dokum Ve Madeni Aksam Sanayi Turizm A.S. v. MTS Logistics Inc.,* 335 F.R.D. 50, 52 (S.D.N.Y. 2020) (denying motion to reopen discovery where, although trial was not imminent and the discovery would arguably yield relevant evidence, all other factors counseled against reopening discovery); *Trombetta v. Novocin,* No. 18-cv-993 (RA) (SLC), 2023 U.S. Dist. LEXIS 38151, at *9-10 (S.D.N.Y. Mar. 7, 2023) (finding that although *pro se* plaintiff was diligent in the action and trial was not imminent, all other factors weighed against granting her motion to reopen discovery); *cf. Maldonado v. Town of Greenburgh,* No. 18-cv-11077 (KMK) (AEK), 2022 U.S. Dist. LEXIS 246255, at *24 (S.D.N.Y. Mar. 31, 2022) (granting motion to reopen discovery where court was unable to find a lack of diligence and the need for additional discovery was not foreseeable and "the majority of the other factors also support[ed] reopening discovery").

Thus, on balance, the Court is not persuaded that discovery should be reopened given the circumstances here.

## **CONCLUSION**

For the reasons stated, Defendant's motions to compel (ECF No. 193) and re-open discovery (ECF No. 194) are both denied.

Dated: Central Islip, New York
       March 1, 2024

**S O   O R D E R E D:**

/s/ *James M. Wicks*
       JAMES M. WICKS
United States Magistrate Judge