UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
6340 NB LLC,

                Plaintiff,

      -against-

CAPITAL ONE, N.A.,

                Defendant.
-------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
20-CV-2500 (OEM) (JMW)

ORELIA E. MERCHANT, United States District Judge:

Before the Court is Defendant Capital One, N.A. ("Defendant")'s motion for seeking reconsideration of this Court's Memorandum and Order dated December 30, 2025, Dkt. 242 ("Order"), granting in part and denying in part each party's motion for partial summary judgment.[1] In the Order, the Court, *inter alia*: (1) granted Plaintiff 6340 NB LLC ("NB" or "Plaintiff") summary judgment on the issue of liability on its anticipatory repudiation claim; (2) dismissed all affirmative defenses asserted by Defendant pertaining to liability; (3) dismissed all counterclaims asserted by Defendant except Count V, relating to the CBRE listing agreements; and (4) granted Defendant summary judgment on its counterclaim Count V, relating to the CBRE listing agreements. *See generally* Order.

In its Motion, Defendant asks the Court to reconsider the Order, asserting that: (1) the Court mistakenly found that NB's breach in failing to disclose the CBRE listing agreements was not "material"; (2) the Court erred by finding that Plaintiff did not elect to continue performance

---

[1] *See generally* Capital One, N.A.'s Memorandum in Support of Motion to Reconsider, Dkt. 246-1 ("Motion" or "Mot."); 6340 NB, LLC's Memorandum of Law in Opposition to Capital One's Motion for Reconsideration, Dkt. 247; Capital One, N.A.'s Reply Memorandum in Support of Motion to Reconsider, Dkt. 248 ("Reply").

following the Notice of Termination;[2] (3) the Court mistakenly dismissed Plaintiff's breach of contract claim, rather than its anticipatory repudiation claim; (4) the Court erred in not considering evidence that raised a factual question as to whether NB elected to treat the Contract as ongoing after receipt of the Notice of Termination; and (5) the Court overlooked material facts in finding that NB was able to accomplish the rezoning. *See* Mot. at 1-2. Further, Defendants assert that the Court erred in analyzing the ready willing, and able requirement of Plaintiff's anticipatory repudiation claim, in finding that Defendant had knowledge of the existing leaseholds at 245 OCR and 249 OCR, in ruling that Plaintiff did not breach the Ground Lease when representing the right to purchase 244 Lansdowne, and in dismissing Defendant's fraud affirmative defenses. *See generally* Mot. For the following reasons, Defendant's Motion is granted in part and denied in part.

The Court assumes the parties' familiarity with the facts and the procedural history of this case. *See generally* Order.

## LEGAL STANDARD

"Rule 54(b) [of the Federal Rules of Civil Procedure] allows for reconsideration of non-final orders in the district court's equitable discretion." *Article 13, LLC v. Ponce de Leon Fed. Bank*, 686 F. Supp. 3d 212, 215 (E.D.N.Y. 2023) (quoting *New Falls Corp. v. Soni Holdings, LLC*, CV 19-0449 (ADS) (AKT), 2020 WL 9211146, at *5 (E.D.N.Y. Sep. 30, 2020)) (reconsidering denial of cross-motions for summary judgment); *see also Empresa Cubana del Tabaco v. Culbro Corp.*, 541 F.3d 476, 478 (2d Cir. 2008) (holding that decision to grant or deny reconsideration "is committed to the discretion of the district court"). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be

---

[2] Capitalized terms used herein have the same meanings assigned to them in the Court's December 30, 2025, Order. *See generally* Order.

expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "A motion for reconsideration should be granted only when the defendant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)); *see also Mallek v. Allstate Ins. Co.*, 22-86, 2023 WL 3513783, at *2 (2d Cir. May 18, 2023) (confirming that the standard described in *Virgin Atlantic Airways* continues to apply to motions to reconsider an interlocutory order under Rule 54(b)).

## DISCUSSION

### A.  Material Breach Ruling

Defendant first contends that the Court erred in finding that Plaintiff's breach of the Ground Lease through the CBRE listing agreements was not material.  Mot. at 3-6.  The Court found that the breach was not material because "Plaintiff's conduct did not deprive Defendant of the benefit of the bargain, as Plaintiff ultimately did not sell or lease 245 OCR and Plaintiff continued performance of its Ground Lease obligations until Defendant's repudiation."  Order at 27.  In reaching this conclusion, the Court relied on *Process America, Inc. v. Cynergy Holdings, LLC*, which states that material breaches "go to the root of the agreement between the parties."  839 F.3d 125, 136 (2d Cir 2016).  Although Defendant relied on *Process America* in summary judgment briefing, *see* Capital One, N.A.'s Brief in Support of Its Motion for Partial Summary Judgment at 20, 28, Dkt. 232-1 ("Def.'s MSJ"), Defendant now relies on a new case to argue that "in cases where a party materially breaches a contract by failing to disclose material facts, the courts look to 'whether a reasonable person would attach importance to the omission in determining his choice

3

of action in the transaction in question.'" Mot. at 3 (quoting *In re Parmalat Sec. Litig.*, 684 F. Supp. 2d 453, 479 (S.D.N.Y. 2010), *aff'd sub nom., Food Holdings Ltd. v. Bank of Am. Corp.*, 423 F. App'x 73 (2d Cir. 2011). Further, Defendant argues that it detrimentally relied on Plaintiff's failure to disclose, asserting that had it learned of Plaintiff's efforts to sell 245 OCR, it would have terminated the Ground Lease. *Id.* at 4.

Defendant's arguments on this point do not warrant reconsideration. Defendant raises new arguments and relies on a materiality standard that it failed to raise on summary judgment. This is inappropriate on a motion for reconsideration. *See Virgin Atl. Airways*, 956 F.2d at 1255.

Nevertheless, Defendant's reliance on *In re Parmalat* is misplaced. The "reasonable person" materiality standard outlined in *In re Parmalat* was applied by the court to determine whether the defendant breached its *fiduciary duty* to disclose relevant information to the plaintiffs, not whether the defendant committed a material breach sufficient to excuse the plaintiffs' performance of their obligations under the parties' agreement. *See* 684 F. Supp. 2d at 479-80. Thus, that materiality standard is not controlling in this case.

Recognizing its erroneous reliance on *In re Parmalat* in its Motion, Defendant seemingly reverts back to the *Process America* materiality standard in its Reply, arguing that the information Plaintiff failed to disclose "went to the heart of the parties bargain." Reply at 1. While Defendant is free to make the retrospective and speculative argument that had it known about the listing agreements it would have terminated the contract, the failure to disclose did not "defeat[] the object of the parties in making the contract." *Frank Felix Assocs., Ltd. v. Austin Drugs, Inc.*, 111 F.3d 284, 289 (2d Cir. 1997). As discussed by the Court in the Order, Plaintiff did not sell or lease 245 OCR, and the parties continued to work together pursuant to their contractual obligations. *See* Order at 27.

4

Accordingly, Defendant's reconsideration motion regarding the materiality of Plaintiff's breach is denied.

## B. Anticipatory Repudiation Ruling

Next, Defendant contends that even if the Court concludes that Plaintiff's breach regarding the CBRE listing agreements does not defeat the anticipatory repudiation claim, the Court erred in granting Plaintiff summary judgment on its anticipatory repudiation claim because: (1) the Court overlooked genuine issues of material fact showing that Plaintiff elected to continue performance rather than treat it as repudiated; (2) the Court erred by deeming Plaintiff's breach of contract claim withdrawn; and (3) the Court erred in its analysis of the ready, willing, and able requirement. Mot. at 6-12.

### 1. Plaintiff's Alleged Election to Continue Performance

First, Defendant asserts that the Court overlooked material facts showing "that [Plaintiff] elected to treat the contract as ongoing for months, continuing its performance by having its zoning attorney meet with Town Board members to discuss the zoning impediments, reaching out to [Defendant's] engineers and consultants for their feedback and assistance with future zoning actions, and meeting with new consultants in furtherance of carrying out the rezoning." *Id.* at 7. Defendant contends that each of these actions "can constitute an election to continue to perform" and therefore "a fact question exists where these actions estop [Plaintiff] from contending there was a repudiation given it continued perform." *Id.* However, in the Order, the Court examined Plaintiff's conduct following the Notice of Termination and determined that it did not constitute a binding election to continue performance. *See* Order at 31. Plaintiff is therefore raising the same arguments and facts that this Court already rejected. Reconsideration is not warranted on these grounds. *See Virgin Atl. Airways*, 956 F.2d at 1255.

5

Second, Defendant argues that Plaintiff availed itself of the contract's benefits in March 2020 "by taking a day-for-day delay remedy" in response to the Notice of Termination, Mot. at 7, thereby electing to continue performance, *see Bigda v. Fishbach Corp*, 898 F. Supp. 1004, 1012 (S.D.N.Y. 1995) (taking advantage of contract benefits constitutes an election to continue). The Court, however, already determined that the March 2, 2020, letter was not an election to continue with the contract. *See* Mot. at 30-31; *Vision Ent. Worldwide, LLC v. Mary Jane Prods., Inc.*, 13 Civ. 4215 (AT), 2014 WL 5369776, at *5 (S.D.N.Y. Oct. 17, 2014) ("The non-repudiating party may refuse, for a time, to acquiesce in the repudiation, and, without waiving any rights, urge the repudiator to perform."); *Matrix Realty Grp. Inc. v. Food Mgmt. Grp., LLC*, 08 Civ. 5956 (DAB), 2010 WL 3911482, at *9 (S.D.N.Y. Sep. 21, 2010)*, aff'd sub nom., In re Food Mgmt. Grp., LLC*, 425 F. App'x 54 (2d Cir. 2011) (finding that a letter giving the repudiator a final opportunity to close on the transaction did not constitute a waiver of the repudiation).[3] Defendant's "day-to-day delay remedy" argument is merely a rehashing of the arguments already rejected by the Court and therefore does not warrant reconsideration. *See* Order at 31.

---

[3] Defendant asserts that the Court's reliance on *Matrix Realty* was erroneous. Mot. at 9-10. This argument is inappropriate on reconsideration because Defendant already argued for the inapplicability of *Matrix Realty* on summary judgment. *See* Capital One, N.A.'s Brief in Opposition to 6340 NB LLC's Motion for Partial Summary Judgment at 12-13, Dkt. 230 ("Def.'s MSJ Opp'n").

Nevertheless, its repurposed arguments lack merit. First, Defendant contends that *Matrix Realty* is inapposite because here, unlike there, the Notice of Termination is the sole proof of repudiation. Mot. at 9. However, the Court already determined that the Notice of Termination was sufficient on its own to establish Defendant's repudiation as a matter of law. Order at 16-17. Second, Defendant notes that the non-repudiating party in *Matrix Realty* halted its performance, while here, Plaintiff elected to continue performance. Mot. at 9. As discussed above, the Court already concluded that Plaintiff did not elect to continue performance. Order at 31. Third, Defendant argues that, unlike the non-repudiating party in *Matrix Realty*, Plaintiff elected to avail itself of the contract's benefits by taking a day-to-day delay remedy. Again, as discussed above, this argument has already been rejected by the Court. Finally, Defendant contends that, unlike *Matrix Realty*, Plaintiff did not elect to terminate the contract or materially change its position, or there are at least issues of fact as to Plaintiff's election. Mot. at 9-10. As discussed further below, Defendant's argument belies the undisputed record evidence showing that Plaintiff terminated the Ground Lease by operation of law by suing for breach on June 4, 2020. *See* Capital One's Statement of Undisputed Material Facts in Support of Motion for Summary Judgment ¶ 142, Dkt. 210-1 ("Def.'s 56.1"); *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).

Next, Defendant argues that the Court overlooked evidence disputing the notion that Plaintiff treated the Notice of Termination as a repudiation as of April 9, 2020, when it cancelled the purchase agreements for 249 OCR and the Residential Parcels. *See* Mot. at 7-8. In the Order, the Court found that Plaintiff elected to treat Defendant's repudiation as a termination of the contract when it cancelled the purchase agreements for 249 OCR and the Residential Parcels on April 9, 2020, thereby materially changing its position in reliance on the repudiation. *See* Order at 31; *Vision Ent.*, 2014 WL 5369776, at *5 ("The repudiator may retract his repudiation until the other party has elected to terminate the contract or has materially changed his position in reliance on the repudiation.").

However, Defendant points to communications between the parties after April 9, 2020, where Plaintiff indicated that it wanted to proceed with the Ground Lease. *See id.*; Def.'s 56.1 ¶¶ 138-141. Plaintiff never disputed that these communications took place, and, indeed, the communications from April and May 2020 present a genuine issue of material fact as to whether Plaintiff materially changed its position in reliance on the repudiation such that it elected to terminate the contract. *See* Def.'s 56.1 ¶¶ 138-139 (discussing an April 23, 2020, call between Ross and one of Defendant's agents where "Ross stated his intention and desire to develop the site with [Defendant] as contemplated in the Contract"); *id.* ¶¶ 140-141 (discussing a May 20, 2020, call between Ross and one of Defendant's agents where "Ross stated to [the agent] that he still desired to proceed with the project per the Contract"). Given this express desire to move forward with the Ground Lease, there is a genuine dispute as to whether the cancellation of the purchase agreements was a material change in Plaintiff's position. Accordingly, the Court erred in finding that Plaintiff elected to terminate the contract as of April 9, 2020.

Notwithstanding this error, the Court's ultimate grant of summary judgment in favor of Plaintiff on its anticipatory repudiation claim remains unchanged.  As a matter of law, Plaintiff elected to terminate the Ground Lease when it sued for damages on June 4, 2020.  *See* Def.'s 56.1 ¶ 142; *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d. Cir 2002) (noting that "with an anticipatory repudiation, the non-repudiating party . . . [may] elect to treat the repudiation as an anticipatory breach and seek damages for breach of contract, thereby terminating the contractual relation between the parties").  Defendant did not retract its repudiation until after the commencement of the lawsuit, such that the retraction is ineffective.  *See* Def.'s 56.1 ¶ 147 (noting that Defendant retracted the Notice of Termination on June 24, 2020); *Linares v. Richards*, 08-CV-3243 (RRM), 2011 WL 13295120, at *10 (E.D.N.Y. June 23, 2011) ("A party who has anticipatorily repudiated a contract has the ability to reinstate the contract by retracting its repudiation before the aggrieved party has either acted to cancel the contract or materially changed its position.").

Accordingly, while the Court amends its prior ruling to hold that Plaintiff elected to terminate the contract on June 4, 2020, with the commencement of this lawsuit, this does not alter the Court's ultimate grant of summary judgment in favor of Plaintiff on its anticipatory repudiation claim.

## 2.  Plaintiff's Withdrawn Breach Claim

In challenging the Court's grant of summary judgment on Plaintiff's anticipatory repudiation claim, Defendant additionally contends that the Court erroneously dismissed Plaintiff's breach of contract claim instead of the anticipatory repudiation claim.  Mot. 10-11. Defendant relies on *Mr. Olympia, LLC v. Ultimate Nutrition, Inc.*, for the proposition that "an anticipatory breach cannot be committed by a party already in material breach of an executory

contract."  17 CV 1346 (ALC), 2018 WL 1322201, at *4 (S.D.N.Y. Mar. 13, 2018).  Defendant contends that because Plaintiff's breach claim was based in part on the allegation that Defendant breached the contract before rezoning took place and before the Notice of Termination was sent, the prior breach claims should not have been dismissed because they were not duplicative of the anticipatory repudiation claim.  Mot. at 10.  Furthermore, as alleged by Defendant, the breach claim would bar Plaintiff's anticipatory repudiation claim under *Mr. Olympia*.  *Id.*

Defendant's current position wholly contradicts the position it took on summary judgement.  On summary judgment, Defendant moved for dismissal of Plaintiff's breach claim because "it is inconsistent with [Plaintiff's] First Cause of Action for anticipatory repudiation, which is based on the same conduct."  Def.'s MSJ at 26-27.  Plaintiff did not oppose this request and agreed to abandon this claim at oral argument.  *See* Order at 35.  Accordingly, the Court granted summary judgment and dismissed the breach of contract claim.  *Id.*  Not only does Defendant improperly raise new arguments that could have been raised prior to the Court's Order, but Plaintiff was well within its rights to abandon its breach claim at summary judgment.  *See Kaspiev v. Eagle Rock Mgmt. LLC*, 23-CV-06370 (SJB) (SIL), 2026 WL 18803, at *1 (E.D.N.Y. Jan. 2, 2026) ("It is at the time of the motion for summary judgment that a party can decide which claim to pursue and which not." (quoting *Ruradan Corp. v. City of New York*, 22-cv-3074 (LJL), 2024 WL 1555230, at *5 (S.D.N.Y. Apr. 10, 2024))); *Ziming Shen v. City of New York*, 725 F. App'x 7, 17 (2d Cir. 2018) (affirming the district court's dismissal of certain claims as abandoned "on the basis that [plaintiff's] opposition did not address those claims").

Defendant's arguments regarding Plaintiff's withdrawn breach claim therefore do not warrant reconsideration.

### 3. Ready, Willing, and Able Requirement

Finally, in challenging the Court's grant of summary judgment on Plaintiff's anticipatory repudiation claim, Defendant asserts that the Court erred in its analysis of the "ready, willing, and able" requirement. *See* Mot. at 11-12; *Pesa v. Yoma Dev. Grp., Inc.*, 965 N.E.2d 228, 230 (N.Y. 2012) ("Where one party to a contract repudiates it and refuses to perform, the other party by reason of such repudiation is excused from further performance, or the ceremony of a futile tender. *He must be ready, willing, and able to perform*, and this is all the law requires." (quoting *De Forest Radio Tel. & Tel. Co. v. Triangle Radio Supply Co.*, 153 N.E. 75, 78 (N.Y. 1926))).

As an initial matter, Defendant distorts the Court's holding. Rather than finding, "as a matter of law, [that Plaintiff] was able to rezone to the property" and that Defendant "caused the rezoning to fail when it stopped cooperating," Mot. at 11, the Court rejected Defendant's arguments that the undisputed facts show that the Plaintiff could not have achieved the zoning approval precondition and that impossibility of the project's zoning approval excused its repudiation, Order at 19-21.

In urging the Court to reconsider its ruling, Defendant points to evidence indicating that the site plan would need to be altered to get zoning approval and that Defendant determined that it could not alter its site plan prior to sending the Notice of Termination. Mot. at 11-12. However, this evidence does not change the Court's conclusion that Plaintiff had seven months to perform its rezoning obligations when Defendant sent the Notice of Termination, which, in turn, rendered Plaintiff's ability to perform speculative. Order at 18-19. Furthermore, as discussed in the Order, crediting this evidence would allow Defendant "to reap an advantage from the situation created by its own unjustified repudiation of the contract." *King World Prods., Inc. v. Fin. News Network, Inc.*, 660 F. Supp. 1381, 1387 (S.D.N.Y 1987), *aff'd*, 834 F.2d 267 (2d Cir. 1987); *see also Matrix*

10

*Realty*, 2010 WL 3911482, at *12 ("Its own repudiation having halted [appellees'] diligent efforts to perform their obligations, [appellant] cannot successfully speculate now that [appellees] would not have been able to perform at the time performance became due.").  Allowing Defendants to reap such an advantage and claim impossibility of the rezoning precondition is even more problematic where, as here, Defendant belatedly retracted its repudiation and expressed a desire for the parties to work together to accomplish the rezoning. *See* Order at 21.

Accordingly, Defendant's arguments on the ready, willing, and able requirement as it relates to Plaintiff's anticipatory repudiation claim do not warrant reconsideration.

### C.  Plaintiff's Alleged Breach Regarding Existing Tenancies

Next, with respect to Defendant's breach counterclaim regarding existing and ongoing tenancies, Defendant contends that the Court erred when finding that Defendant had notice of the existing leaseholds, thereby waiving its claim of breach.  Mot. at 12-17.

Defendant raises several arguments on this point, many of which merely repackage the arguments made on summary judgment. *See id.*; Def.'s MSJ at 15-16; Def.'s MSJ Opp'n at 3-4. As the Court has already held, Plaintiff's failure to provide formal notice of the leaseholds as required under the contract does not alter the conclusion that Defendant waived any alleged breach, for there is undisputed evidence establishing that Defendant had knowledge of the tenants in 245 OCR and 249 OCR.  Order at 24-25.  Moreover, Defendant continued to perform its lease obligations and never notified Plaintiff of its alleged breach. *Id*.  The same reasoning applies to Defendant's arguments regarding Plaintiff's alleged breaches for failing to provide the leases for the tenants as required under the contract. *See* Mot. at 13.

Defendant additionally argues that there are genuine issues of material fact as to whether Defendant had actual knowledge of the tenancies. *See id.* at 14-15.  This argument, however, lacks

11

merit. *See* Capital One's Responses to the Statement of Undisputed Material Facts Under Local Rules 56.1 of 6340 NB LLC, David Ross and Richard Becker ¶ 53, Dkt. 217-2 (noting as undisputed the fact that "[Defendant] and its agents were aware of and/or communicated with each other regarding the existence of the tenants at [245 OCR] and [249 OCR] after the Ground Lease was signed").

Accordingly, Defendant's arguments regarding its breach counterclaim for existing and ongoing tenancies do not warrant reconsideration.

### D. Plaintiff's Alleged Breach Regarding the Purchase of 224 Lansdowne

Defendant additionally asserts that the Court erred in ruling that Plaintiff did not breach the contract when representing that it had obtained rights to purchase all the adjacent parcels. Mot. at 17-18. On summary judgment, Defendant argued that the agreement to purchase 244 Lansdowne was a "fake contract" because the purchaser was a nonexistent entity, 224 Lansdowne LLC. Def.'s MSJ Opp'n at 4. In the Order, the Court determined that the use of a non-existent entity to purchase the property did not violate Defendant's rights under the Ground Lease because the purchase agreement remained enforceable among Ross, the signatory, and the homeowner. Order at 25-26; *Metro Kitchenworks Sales, LLC v. Cont'l Cabinets, LLC*, 820 N.Y.S.2d 79, 80 (2d Dep't 2006) ("[U]nder well-settled principles of agency law, the contract generally remains valid and enforceable as between the third party and the individuals who executed the contract on behalf of the non-existent principal."). On reconsideration, Defendant argues that "the Court overlooked that [Plaintiff] has no right to acquire 244 Lansdowne . . . and at best Ross or another entity did." Mot. at 17. Defendant further argues that Ross could only enforce the non-existent company's rights against the homeowner if he was serving as a "promoter" of that company, and there is no evidence that he was serving as a "promoter" of the entity. *Id.* at 18.

12

Defendant's arguments are unavailing.  Not only does Defendant fail to cite authority for its proposition regarding promoters, but Defendant also fails to distinguish *Metro Kitchenworks*. Under that case, the purchase agreement remains enforceable between Ross and the homeowners. 820 N.Y.S.2d at 80.  Although a limited liability company exists as a separate entity from its members, *Battino v. Cornelia Fifth Ave., LLC*, 861 F. Supp. 2d 392, 408 (S.D.N.Y. 2012), Defendant similarly fails to address how Ross's ability to enforce the purchase agreement, as a member of the Plaintiff, violates Defendant's rights under the contract.  Even if Plaintiff's name failing to appear on the purchase agreement is a breach, Defendant does not explain how the breach is material such that it defeats Plaintiff's anticipatory repudiation claim.  Defendant states that "[t]his breach was material and caused [Defendant] harm," Reply at 5, but this conclusory allegation does not establish how the breach goes to the root of their agreement or deprives Defendant of the benefit of the bargain, *see Process Am.*, 839 F.3d at 136.

Accordingly, Defendant's arguments regarding breach stemming from the 244 Lansdowne purchase agreement do not warrant reconsideration.

### E.  Defendant's Fraud Affirmative Defenses

Lastly, Defendant argues that the Court erred in dismissing Defendant's tenth and fifteenth affirmative defenses as impermissibly duplicative of Defendant's breach of contract counterclaims.  Mot. at 18.  As the Court found in the Order, Defendant's fraud affirmative defenses are based on the same factual allegations as its breach of contract counterclaims relating to the 244 Lansdowne purchase agreement.  Order at 29-30.

Defendant's argument to the contrary is unpersuasive.  Defendant's assertion that the fraud affirmative defenses fall squarely within the Restatement (Second) of Torts, Section 529, *see* Mot. at 18-20, merely builds upon the same arguments it made on summary judgment,. *see* Def.'s MSJ

13

Opp'n at 8.   Not only is this continued reliance on the Restatement not a valid basis for reconsideration, *see Virgin Atl. Airways*, 956 F.2d at 1255, but Defendant fails to account for the Court's ruling that the fraud affirmative defenses are based on the same factual allegations as its breach of contract claims and therefore cannot stand.   *See Heffez v. L & G Gen. Constr. Inc.*, 867 N.Y.S.2d 198, 199 (2d Dep't 2008) ("[A] cause of action premised upon fraud cannot lie where it is based on the same allegations as [a] breach of contract claim."); *BMS Cat, Inc. v. Klemmt Orthotics & Prosthetics, Inc.*, 13-CV-315, 2014 WL 12675265, at *5 (N.D.N.Y. Jan. 18, 2014) ("Because [the defendant's] fraud counterclaims and affirmative defenses are based on the same factual allegations as its breach of contract counterclaims, they are duplicative."). Accordingly, Defendant's arguments regarding its fraud affirmative defenses do not warrant reconsideration.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is granted in part and denied in part.   The Court grants reconsideration with regard to the date of Plaintiff's election to terminate the contract. Accordingly, the Court amends its prior ruling to hold that Plaintiff elected to terminate the contract with the commencement of this lawsuit.   To the extent that reconsideration is granted, as set forth above, *see infra* section B.1., the outcome of the summary judgment motion remains unchanged.   The Court denies Defendant's Motion is in all other respects.   By May 4, 2026, the parties are directed to file a joint letter indicating scheduling preferences and deadlines regarding the issue of damages.

SO ORDERED.

_____/s/_____

ORELIA E. MERCHANT
United States District Judge

April 19, 2026
Brooklyn, New York

14